FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

OCT 3 2008

JAMES N. HATTEN, Clerk

/s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES HOWELL DUNN,<br>Plaintiff, | : | CIVIL ACTION NO.<br>1:08-CV-2366-TWT |
| v. | : | |
| M. O. HARPER.<br>Defendant. | : | CIVIL RIGHTS ACTION<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, James Howell Dunn, presently confined at the Douglas County Jail in Douglasville, Georgia, has been granted leave to proceed <u>in forma pauperis</u> in the instant <u>pro se</u> civil rights action. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

### The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. (1993). A complaint may be dismissed for

failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

Plaintiff has filed the instant action against Jail official Major M.O. Harper. Plaintiff alleges the following facts in his complaint:

(1) on December 12, 2006, Plaintiff was arrested and detained at the Jail;

(2) within one year of his arrest and detention, Plaintiff had lost ninety percent of his vision in his left eye;

(3) an eye test administered by Dr. Graham revealed that Plaintiff was legally blind in his left eye;

(4) an eye doctor determined that Plaintiff had a cataract in his left eye;

2

(5) the eye doctor informed Plaintiff that surgery was necessary to prevent detachment of the retina and permanent blindness in the left eye;

(6) the eye doctor further informed Plaintiff that he needed to see an eye specialist for an expert opinion on his condition;

(7) after several months, Plaintiff has yet to see the eye specialist; and

(8) despite submitting numerous requests and grievances, Dr. Graham and Defendant Harper have prevented Plaintiff from being examined by the eye specialist and having surgery, due to their belief that Plaintiff's eye will not deteriorate and that his eye condition is not life threatening.

Plaintiff claims that Defendant Harper has acted with deliberate indifference to his serious medical needs. Plaintiff seeks equitable and monetary relief.

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). Thus, allegations of negligence or malpractice do not state a constitutional violation that is cognizable under § 1983. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). As long as the medical treatment provided is "minimally adequate," a

prisoner's preference for a different treatment does not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

"[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all." McElligott, 182 F.3d at 1255 (citations omitted).

Plaintiff's allegations with respect to his deliberate indifference claim, if true, indicate that his serious eye condition may be exacerbated by Defendant Harper's refusal to allow him to be examined by an eye specialist and to receive surgery on his left eye. In light of the allegations presented, and in deference to Plaintiff's pro se status, the Court cannot find that Plaintiff's deliberate indifference claim is "clearly baseless" or "meritless." Carroll, 984 F.2d at 393.

AO 72A
(Rev.8/82)

## Conclusion

In light of the facts presented by Plaintiff, and in deference to his pro se status, the Court cannot find that the Plaintiff's deliberate indifference claim against Defendant Harper is frivolous pursuant to § 1915A. **IT IS THEREFORE ORDERED** that the instant complaint be allowed to **PROCEED**.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for Defendant(s). Plaintiff is **DIRECTED** to complete a USM 285 form, summons, and initial disclosures form for each Defendant named in the amended complaint, and to return them to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant(s) for return of the waiver form, one (1) copy of the complaint, one (1)

AO 72A
(Rev.8/82)

copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant(s).

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant(s). Each Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant(s) does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant(s). The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant(s). The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

AO 72A
(Rev.8/82)

Plaintiff is **DIRECTED** to serve Defendant(s) or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant(s) or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant(s) advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this  3  day of  October , 2008.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE